IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRAVERMAN KASKEY, P.C., <br>                Plaintiff, <br><br> v. <br><br> MAYA TOIDZE, <br>                Defendant. | Civil Action No. 09-3470 |

MEMORANDUM ORDER

November __, 2010                                                                                  Pollak, J.

Plaintiff Braverman Kaskey, P.C., ("BK") has entered an application for entry of default judgment against defendant Maya Toidze ("Toidze") pursuant to Federal Rule of Civil Procedure 55(b)(2). Docket No. 12. BK, a Philadelphia law firm, commenced this diversity action to recover legal fees and expenses incurred in defending Toidze, who is a Canadian citizen, in litigation in Connecticut brought by various individuals who had membership and other interests in Maya's Meals LLC ("Maya's Meals"). *See Cook v. Toidze*, No. 07-CV-712 (removed to D. Conn. May 4, 2007) ("Connecticut litigation"). Maya's Meals is a Delaware limited liability company authorized to transact business in Connecticut that was formed in September 2005 to engage in the development, production, marketing, and sale of specialty food products.

BK alleges that it executed a retainer agreement with Toidze under which Toidze

1

agreed to compensate BK for its services by paying BK one percent (1%) of the outstanding equity interest in Maya's Meals for each $20,000 of billable time incurred by BK. *See* Docket No. 12 at 13-14 (copy of retainer agreement). The retainer agreement allegedly further provided that Toidze agreed to reimburse BK for the total amount of its out-of-pocket expenses. BK alleges that it has performed all obligations on its part pursuant to the retainer agreement, and that in so doing it has expended billable hours in the sum of $350,324.50, equating to 17.52% of the equity interest in Maya's Meals, and has incurred unreimbursed costs in the amount of $26,951.45. BK further alleges that it furnished monthly invoices to Toizde detailing its services, to which Toizde has never objected, and that Toizde has failed to pay BK for services rendered and is in breach of the retainer agreement.

BK's complaint asserted four causes of action against Toidze: Breach of Contract (Count I); Specific Performance (Count II); Account Stated (Count III); and Quantum Meruit (Count IV). In this application for entry of a default judgment ("Application"), BK seeks judgment for an award of specific performance against Toidze of a 17.52% equity interest in Maya's Meals, plus unreimbursed out-of-pocket costs in the amount of $26,951.45.

BK's Application states that it made several good faith but unsuccessful attempts (1) to serve original process of the summons and complaint by hand delivery and mail to defendant's last known address in Ontario, Canada, and (2) to locate defendant by

searching telephone and address records. After these attempts, BK filed a motion for alternative service by publication on December 29, 2009, which Magistrate Judge Angell granted on March 4, 2010. Pursuant to Judge Angell's order, BK placed notices of this civil action addressed to Toidze in the Legal Intelligencer, a legal newspaper serving Philadelphia, and the Markham Economist & Sun, a newspaper serving the town of Markham and the York region of Ontario, Canada, the location of Toidze's last known address. Toidze has failed to serve and file an answer or otherwise respond to the complaint.

On May 10, 2010, BK requested that the Clerk of Court enter default against Toidze pursuant to Federal Rule of Civil Procedure 55(a). On May 11, 2010, the Clerk of Court entered default against Toidze. Plaintiff thereafter filed the present application for entry of default judgment by this court.

This court has taken judicial notice of and reviewed the filings in the Connecticut litigation, which was commenced in state court and was then removed to the United States District Court for the District of Connecticut on May 4, 2007, and which, as of the date of this order, remains pending in Connecticut. *See Federal Ins. Co. v. Richard I. Rubin & Co., Inc.*, 12 F.3d 1270, 1284 (3d Cir. 1993) (federal courts "have the power to take judicial notice of . . . developments in related cases"). An amended complaint in the Connecticut litigation was filed on October 27, 2010. *Cook v. Toidze*, No. 07-CV-712,

Docket No. 105.[1]  The amended complaint was filed by plaintiffs Peter Cook, Thea Duell, and Aleksandar Milosavijevic-Cook, as individuals and on behalf of Maya's Meals, LLC. The defendants in the Connecticut litigation are Maya Toidze, who is the sole defendant in this action, and Alexandre Ivankine, Tim Toidze, and Alexandre Avroutine.  According to the amended complaint, all of the individual plaintiffs and defendants own membership interests in Maya's Meals, with Maya Toidze owning a 25.389% interest.  *Id.* ¶¶ 3-9.[2]

The amended complaint further alleges that Maya's Meals is governed by an operating agreement ("Operating Agreement"), *id.* ¶ 14, and that the Operating Agreement (1) sets forth conditions under which members of Maya's Meals may transfer their interests in Maya's Meals and (2) grants other members a first and second right of purchase for a membership interest upon the occurrence of an involuntary transfer event, *id.* ¶¶ 53-54.  This court has not seen a copy of the Operating Agreement, and does not know the exact language of its provisions governing transfer.  However, the alleged existence of such provisions raises questions regarding the appropriateness of granting BK one of the remedies it seeks in this litigation—an order from this court compelling Toidze to transfer a 17.52% equity interest in Maya's Meals to BK.

---

[1] The amended complaint was filed as part of plaintiffs' motion to substitute complaint, because an earlier filing of the amended complaint contained the wrong document by mistake.  *Id.*  At the time of this order, the motion to substitute has not yet been ruled upon.

[2] In addition, the amended complaint alleges that several other individuals who are not parties to the lawsuit own small membership interests in Maya's Meals.  *Id.* ¶¶ 10-13.

4

In addition, the alleged existence of such transfer provisions, along with the existence of an ongoing lawsuit in Connecticut among the business partners in Maya's Meals, raises questions regarding whether any of the parties to the Connecticut litigation are required parties in the present action. *See Schulman v. J.P. Morgan Inv. Mgmt., Inc.*, 35 F.3d 799, 804 (3d Cir.1994) (federal courts may "raise sua sponte problem[s] of joinder without motion of parties" (citing *Finberg v. Sullivan*, 634 F.2d 50, 55 (3d Cir.1980)).

Under Rule 55(b)(2), this court possesses the authority, prior to entering a default judgment, to conduct hearings to determine damages, establish the truth of any allegation, or to "investigate any other matter." Accordingly, it is hereby ORDERED that plaintiff file in this court, by December 1, 2010, a memorandum addressing the following:

1. The current status of, and the nature of the relief sought, in *Cook v. Toidze*, No. 07-CV-712 (removed to D. Conn. May 4, 2007);

2. The exact language of the Operating Agreement's provisions concerning transfer and whether such provisions render it inappropriate for this court to grant the relief requested in this action;

3. Whether any or all of the parties in *Cook v. Toidze* are required parties in this litigation under Federal Rule of Civil Procedure 19(a)(1) in light of:

    a) the contents of the Operating Agreement for Maya's Meals;

    b) the nature of the relief requested in this action; and/or

5

      c) the nature of the relief requested in the Connecticut litigation;

    4. Whether, in the interests of justice and judicial economy, this action should be transferred to the United States District Court for the District of Connecticut pursuant to 28 U.S.C. § 1404(a) or § 1406 for consolidation with the Connecticut litigation.

    Plaintiffs are further ORDERED to file a copy of this order with the district court in *Cook v. Toidze* and upon all parties to that action.

BY THE COURT:

    /s/ Louis H. Pollak

Pollak, J.