LP/mfA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

1
2
3
4
5
6  BRAVERMAN KASKEY, P.C.,                    Civil Action No. 09-3470
7               Plaintiff,
8
9        v.
10
11  MAYA TOIDZE,                              **FILED**
12               Defendant.                   OCT 12 2011
13                                            MICHAEL E. KUNZ, Clerk
14                                            By_____ Dep. Clerk

15                      **MEMORANDUM & ORDER**

16  October  11 , 2011
                                                     Pollak, J.

17       Plaintiff Braverman Kaskey, P.C. ("BK") has submitted an application for entry of

18  a default judgment against defendant Maya Toidze ("Toidze") pursuant to Federal Rule of

19  Civil Procedure 55(b)(2).  Docket No. 12.  BK, a Philadelphia law firm, commenced this

20  diversity action to recover legal fees and expenses incurred in defending Toidze, a

21  Canadian citizen, and Maya's Meals, LLC ("Maya's Meals") in litigation in the District

22  Court for the District of Connecticut brought by various individuals with LLC

23  membership and other interests in Maya's Meals.  *See Cook v. Toidze*, No. 07-CV-712

24  (removed to D. Conn. May 4, 2007) ("Connecticut litigation").  Maya's Meals is a

25  Delaware company authorized to transact business in Connecticut.

26

**ENTERED**
OCT 12 2011
CLERK OF COURT

1

1    **I. Background**

2        BK alleges in its complaint that it executed a retainer agreement with Toidze and

3    Maya's Meals under which Toidze, on behalf of herself and Maya's Meals, agreed to

4    compensate BK for its services by paying BK one percent (1%) of the outstanding equity

5    interest in Maya's Meals for each $20,000 of billable time incurred by BK and to

6    reimburse BK for the total amount of its out-of-pocket expenses. *See* Docket No. 12

7    (copy of retainer agreement).  BK alleges that it has performed all its obligations under

8    the retainer agreement, in so doing expending billable hours in the sum of $350,324.50,

9    equating to 17.52% of the outstanding LLC membership interest in Maya's Meals, and

10   incurring unreimbursed costs in the amount of $26,951.45.  BK further alleges that it

11   furnished monthly invoices to Toidze detailing its services, to which Toidze never

12   objected, and that Toidze breached the retainer agreement by failing to pay BK's fees and

13   costs.

14       BK's complaint asserts four causes of action against Toidze: Breach of Contract

15   (Count I); Specific Performance (Count II); Account Stated (Count III); and Quantum

16   Meruit (Count IV).  In this Application for Entry of Default Judgment ("Application"),

17   BK seeks judgment for an award of specific performance against Toidze of a 17.52%

18   LLC membership interest in Maya's Meals, plus unreimbursed out-of-pocket costs in the

19   amount of $26,951.45.

20       BK's Application states that it made several good faith but unsuccessful attempts

1    to (1) serve original process of the summons and complaint by hand delivery and mail to

2    Toidze's last known address in Ontario, Canada, and (2) locate Toidze by searching

3    telephone and address records.  After these attempts, BK filed a motion for alternative

4    service by publication on December 29, 2009, which Magistrate Judge M. Faith Angell

5    granted on March 4, 2010.  Pursuant to Judge Angell's order, BK placed notices of this

6    civil action addressed to Toidze in the Legal Intelligencer, a legal newspaper serving

7    Philadelphia, and the Markham Economist & Sun, a newspaper serving the town of

8    Markham and the York region of Ontario, Canada, the location of Toidze's last known

9    address.  Toidze has not served and filed an answer or otherwise responded to the

10   complaint.

11        On May 10, 2010, BK requested that the Clerk of this court enter default against

12   Toidze pursuant to Federal Rule of Civil Procedure 55(a).  On May 11, 2010, the Clerk

13   entered default against Toidze.  Plaintiff thereafter filed the present application for entry

14   of a default judgment by this court.

15        On November 4, 2010, this court, having taken judicial notice of the filings in the

16   Connecticut litigation, ordered BK to file a supplemental memorandum addressing; (1)

17   the status of, and nature of relief sought, in the Connecticut litigation; (2) the language in

18   the Operating Agreement of Maya's Meals (a document addressed in the Connecticut

19   litigation) concerning transfer of equity interest and whether the Operating Agreement's

20   transfer provisions render it inappropriate to enter a default judgment against Toidze; (3)

3

1    whether any of the parties in the Connecticut litigation are required parties in the present

2    action; and (4) whether the present action should be transferred to the District Court for

3    the District of Connecticut for consolidation with the Connecticut litigation.

4        This court further ordered BK to file a copy of this court's order with the

5    Connecticut District Court and to serve a copy of this order upon all parties to that action.

6    Docket No. 16.  Having read and considered BK's responsive memorandum and related

7    filings, this court concludes, for the reasons spelled out below, that entry of a default

8    judgment against Toidze and in favor of BK – not for transfer of a LLC membership

9    interest in Maya's Meals but for quantum meruit damages – is appropriate.

10   **II. Discussion**

11       **A. Jurisdiction and Venue**

12       This court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because diversity of

13   citizenship exists between the parties and the amount in controversy exceeds $75,000.

14   The court is satisfied that it has personal jurisdiction over Toidze based on BK's service

15   of the summons and complaint on her by publication pursuant to Judge Angell's March 4,

16   2010 order. Fed. R. Civ. P. 4(f)(2)(A); Can. Fed. Cts. R. 136; Ontario Sup. Ct. J. R. Civ.

17   P. 16.04.  Venue is proper under 28 U.S.C. § 1391(a)(2) because a substantial part of the

18   events giving rise to BK's claims transpired in this judicial district.

19       **B. Joinder**

20       A court may dismiss an action for failure to join an indispensable party.  Fed. R.

4

1    Civ. Proc. 12(b)(7).  To determine whether failure to join a party warrants dismissal, a

2    court inquires first whether the absent party is a necessary party.  *Koppers Co. v. Aetna*

3    *Cas. & Sur. Co.*, 158 F.3d 170, 175 (3rd Cir. 1998).   If the party is necessary, the court

4    then determines whether the party is indispensable.  *Id*.  Having reviewed BK's

5    memorandum and a letter to the court filed by the Connecticut plaintiffs, the court

6    concludes that Maya's Meals and its Members are not necessary parties under Federal

7    Rule of Civil Procedure 19(a)(1).

8            A party is necessary if complete relief cannot be granted to parties already present

9    in the action in the absence of the unjoined party.  *Janney Montgomery Scott, Inc. v.*

10   *Shepard Niles, Inc.*, 11 F.3d 399, 405 (3d Cir. 1993).  If a contract creates joint liability,

11   as opposed to joint and several liability, all parties to the contract are necessary parties.

12   *See id.*  "In Pennsylvania, whether liability is joint or joint and several seems to be treated

13   as a question of construction or interpretation, not as a rule of law."  *Id.*; *see also Yadusky*

14   *v. Shugars*, 151 A. 785, 786 (Pa. 1930); *Mintz v. Tri-County Nat. Gas Co.*, 103 A. 285,

15   286 (Pa. 1918).  At Pennsylvania common law, joint liability was the default rule, but

16   there is a "strong trend in favor of [the] principle that co-signers or co-obligors on a

17   contract are jointly and severally liable for its performance," with the result that full

18   recovery may be had against any one of the cosigners. *Janney Montgomery Scott*, 11 F.3d

19   at 405.

20           If BK's retainer agreement imposes joint and several liability on Toidze and

5

1     Maya's Meals, complete relief may be granted in the present action.  The retainer does

2     not specify that Toidze and Maya's Meals are jointly and severally liable; however, courts

3     often find that a contract creates joint and several liability where a promise signed by two

4     persons is phrased in the singular.  *See Carriage House Condominiums GP, Inc. v.*

5     *Deramio*, 2008 U.S. Dist. LEXIS 4653 (E.D. Pa. Jan. 22, 2008) (citing cases and § 289,

6     comment c, of the Restatement of Contracts).  In the present case, the sections of the

7     retainer agreement describing the obligations it imposes on Toidze and Maya's Meals

8     employ the single pronoun "you" to refer to Toidze and Maya's Meals.  On this basis, the

9     court concludes that the retainer agreement imposes joint and several liability on Toidze

10    and Maya's Meals, with the result that (1) full recovery may be had against Toidze and

11    (2)  Maya's Meals is not a necessary party.

12            **C.  Transfer**

13       Because Maya's Meals is not a necessary party, the interests of justice and judicial

14    economy do not require that the action be transferred to the District Court for the District

15    of Connecticut.  *See* 28 U.S.C. §§ 1404(a), 1406.

16            **D.  Default Judgment**

17       Courts in the Third Circuit consider three factors to determine whether a default

18    judgment should be entered: (1) "prejudice to the plaintiff if default is denied;" (2)

19    "whether defendant's delay is due to culpable conduct;" and (3) "whether the defendant

1   appears to have a litigable defense." *Chamberlain v. Giampapa*, 210 F.3d 154 (3d Cir.

2   2000).  In the present case, BK would be prejudiced by the denial of a default judgment

3   because, given that Toidze has not responded to the complaint, BK has no other manner

4   of establishing Toidze's liability.  Additionally, BK has invested significant time in the

5   present proceedings since filing its complaint on July 30, 2009.  The record before the

6   court gives no indication whether Toidze's failure to answer BK's complaint is due to

7   culpable conduct.  Since Toidze has not answered BK's complaint, the court looks only to

8   the complaint and the record to determine whether Toidze has a litigable defense.

9            On the record before the court, it appears that the retainer agreement between BK

10  and Toidze does not authorize the transfer of securities sought by BK.  Section 12(c) of

11  Maya's Meals' Operating Agreement provides that in order for an individual Member to

12  voluntarily "sell, assign, pledge, or otherwise dispose of any membership interest" he or

13  she must "first giv[e] written notice thereof to the LLC" in the manner specified in

14  Section 12(c).  Section 12(c) requires that the LLC Member who is seeking to effect the

15  transfer provide a first right of purchase to the LLC and a second right of purchase to the

16  other LLC Members.[1]  BK's complaint does not allege that Toidze gave Maya's Meals

---

[1] The text of Section 12(c) of the Operating Agreement for Maya's Meals is as
follows:

> Voluntary Transfers.  Neither a Member nor his Authorized Transferee may
> sell, assign, pledge, or otherwise dispose of any membership interest, or any
> interest therein now held or hereafter acquired, without first giving written
> notice thereof to the LLC.  The written notice shall include the name of the
> transferee and all material terms of such transfer and, in the case of a

7

1    written notice of the retainer agreement as required by Section 12(c).[2]  Accordingly, BK

2    is not entitled to a default judgment as to its breach of contract or specific performance

3    claims.

4           An account stated is an account in writing, examined, and expressly or impliedly

5    accepted by both parties thereto.  *Capital One Bank v. Clevenstine*, 7 Pa. D. & C. 5th 153,

6    153 (Pa. Com. Pl. 2009); 13 Pa. L. Encyclopedia Contracts § 512.  Under Pennsylvania

7    law, BK's allegation that Toidze never contested its bills is not sufficient to show

8    acquiescence in the correctness of the account.  *See Capital One Bank*, 7 Pa. D. & C. 5th

9    at 153 ("[S]omething more than mere acquiescence by failing to take exception to a series

---

transfer for fair value, shall be accompanied by a copy of the bona fide written offer to purchase such membership interest upon the terms set forth in the written notice.  The written notice to the LLC shall be deemed for all purposes to give the LLC a first right of purchase (sometimes referred to as a right of first refusal) and the other Members a second right of purchase as provided herein.  If the LLC declines or fails to exercise its first right of purchase within the time specified in paragraph (e), and the other Members declines [sic] or fails [sic] to exercise its [sic] first [sic] right of purchase within the time specified in paragraphs (e) and (f), the Member may, within sixty (60) days from the date said right of second purchase terminates, transfer its membership interest to the proposed transferee upon substantially the terms set forth in the original notice to the LLC.

[2] BK contends that because the retainer agreement would be enforced by court order, the court should apply a section of the Operating Agreement (Section 12(d)) governing involuntary transfers.   The contention is without merit.  The basis for BK's claim is the retainer agreement Toidze and BK voluntarily entered into, so the applicable provision of the Operating Agreement is Section 12(c).

1   of statements of account received in the mail is required to create an account stated.")

2   BK is therefore not entitled to a default judgment on its account stated claim.

3           BK is, however, entitled to entry of a default judgment in quantum meruit.  Under

4   Pennsylvania law, the elements of a quantum meruit, or unjust enrichment, claim are: "(1)

5   the plaintiff conferred benefits on the defendant; (2) the defendant realized those benefits;

6   and (3) the defendant accepted and retained those benefits under circumstances in which

7   it would be inequitable for it to retain them without payment of value." *Bunnion v.*

8   *Conrail*, 108 F.Supp. 2d 403, 427 (E.D. Pa. 1999), *aff'd without op.*, 230 F.3d 1348 (3d

9   Cir. 2000).  BK alleges that it conferred benefits upon Toidze in the form of legal services

10  rendered and costs incurred in representing her in the Connecticut litigation and that

11  Toidze realized those benefits.  Under these circumstances, it would be inequitable for

12  Toidze not to compensate BK for its costs and the value of its legal services.

13          **E. Damages**

14          Under Rule 55(b)(2), this court possesses the authority, prior to entering a default

15  judgment, to conduct a hearing to determine damages.  BK has yet to submit evidence of

16  its damages, and the court finds that an evidentiary hearing is necessary to determine the

17  appropriate amount of quantum meruit damages.

18          **III.  Conclusion**

19          For the foregoing reasons, it is hereby **ORDERED** that:

1    (1) default judgment in quantum meruit is **GRANTED** in favor of plaintiff
2    Braverman Kaskey and against defendant Maya Toidze; and

3    (2) the above-captioned matter is **REFERRED** to Magistrate Judge M.
4    Faith Angell to conduct a quantum meruit damages hearing pursuant to 28
5    U.S.C. § 636 (b)(1)(B).

6                                           BY THE COURT:

7
8                                           _____
9                                           Pollak, J.

cc: J. Angell

10